

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, NY 11201*

February 13, 2026

Honorable Sanket J. Bulsara
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      Re:    *Sandoval v. LaRocco, et al.*, No. 26-cv-00832 (SJB)

Dear Judge Bulsara:

      This Office represents Respondents in the above-captioned case in which Petitioner David Dalfredo Garcia Sandoval, an alien in removal proceedings, filed a petition for a writ of habeas corpus on February 12, 2026 challenging his detention by U.S. Immigration and Customs Enforcement ("ICE"). *See* ECF No. 1 ("Petition"). Respondents write in accordance with Your Honor's Order dated February 12, 2026, requiring Respondents to "inform the Court of Petitioner's current location, and [to] include information about any other locations where Petitioner has been held and the dates of any transfers since his initial detention," and to respond to the Petition.

      The legal issues presented in this action concern whether Petitioner's detention violates his procedural and substantive due process rights and the Immigration and Nationality Act, 8 U.S.C. § 1158 et. seq ("INA"). Petitioner principally seeks an order from this Court directing ICE to immediately release him from detention.[1] Respondents address the merits of the Petition below,

---

[1] Petitioner also asserts that he is "scheduled for imminent removal" (Petition ¶ 2); however, there is no final order of removal (let alone any order of removal whatsoever) as to Petitioner. In any event, even if Petitioner was subject to a final order of removal, which he is not, his request to stay removal would be jurisdictionally barred by §§ 1252(a)(5) and 1252(b)(9). The Second Circuit has construed §§ 1252(a)(5) and 1252(b)(9) broadly to preclude district courts from exercising subject matter jurisdiction over an action that even "indirectly challeng[es]" an order of removal. *Delgado v. Quarantillo*, 643 F.3d 52, 55 (2d Cir. 2011). Consistent with *Delgado*, many judges in this District and other judges in this Circuit have held that § 1252(a)(5)'s bar on challenges to removal orders preclude district courts from hearing a claim for a stay of removal. Some of these decisions also cite § 1252(b)(9). *Metreveli v. Flanagan*, 25-cv-8039, 2025 WL 3496754, at *4-5 (S.D.N.Y. Dec. 5, 2025) (§§ 1252(a)(5) and 1252(b)(9) barred motion for stay of removal); *Villatoro v. Noem*, No. 25-cv-5306, 2025 WL 2880140, at *4 (E.D.N.Y. Oct. 9, 2025) (Merchant, J.) (concluding that § 1252(a)(5) bars claims for a stay of removal because a stay would invalidate the removal order); *Lin v. Borgen*, No. 25-cv-5618, 2025 WL 2158874, at *3 (S.D.N.Y. July 30, 2025) (concluding that §§ 1252(a)(5) and 1252(b)(9) jurisdictionally bar, *inter alia,* motion to stay execution of removal order); *Perez v. United States*, Nos. 25 Civ. 3400, 09 Cr.159, 2025 WL 1558578, at *3 (S.D.N.Y. June 3, 2025) (denying application for stay of removal as barred by § 1252(a)(5)); *Oriakhi v. DHS*, 762 F. Supp. 3d 183, 185-86 (E.D.N.Y. 2025) (Matsumoto, J.) (dismissing as barred by § 1252(a)(5) action in which the petitioner, *inter alia*, sought a stay of

while reserving all rights, including the right to appeal, in lieu of a formal responsive memorandum of law to conserve judicial and party resources, and to expedite the Court's consideration of this case, in light of statements of Your Honor in another action.[2]

## Petitioner's Detention History and Current Location:

The undersigned has been informed by agency counsel, Petitioner was encountered by ICE officers on February 12, 2026 in Hempstead, New York. ICE arrested Petitioner pursuant to 8 U.S.C. § 1225 (b)(2)(A). Petitioner was arrested, transported to ICE's processing offices at Nassau County Correctional Center ("NCCC") and subsequently transferred to NCCC. As of today, Petitioner remains at NCCC. In the event Petitioner is detained after today, there is a possibility he may be transferred. ICE is aware of the Court's order limiting his detention to the Eastern District of New York and the Southern District of New York.

## Discussion Regarding the Merits of the Petition

On January 22, 2026, in the Memorandum and Order entered in *Miguel A. Flores-Linares v. Bondi*, 26-cv-00298 (SJB), Your Honor discussed cases, like this one, which involve the issue of whether the petitioner was detained by ICE under 8 U.S.C. § 1225, as the government maintained, or 8 U.S.C. § 1226, as the petitioner maintained. *Id.*, ECF No. 9. Your Honor stated that "[t]he Government's position is that someone is subject to removal and detention under Section 1225(b)(2), as someone who is 'seeking admission' to the United States, notwithstanding that they have been living here for months, if not years. Court after court, judge after judge, in district after district has rejected this argument." *Id.* at 12. Your Honor granted the writ and further stated that "at its core, detention under § 1225 violates due process guarantees and is inapplicable

---

removal (citing *Delgado*, 643 F.3d at 55), *aff'd* No. 25-243-cv, 2026 WL 303642 (2d Cir. Feb. 5, 2026); *Noor v. Homan*, 17-cv-1558, 2018 WL 1313233, at *3 (E.D.N.Y. Feb. 26, 2018) (Kuntz, J.) (holding that § 1252(a)(5) "bars a wide range of claims that were held to constitute challenges to removal orders, including requests for stays of removal . . ." (citing *Delgado*, 643 F.3d at 55); *Asylum Seeker Advocacy Project v. Barr*, 409 F. Supp. 3d 221, 224 (S.D.N.Y. 2019) ;*Joseph v. U.S. Attorney General*, No. 17-CV-5008, 2017 WL 6001776, at *1 (E.D.N.Y. Dec. 4, 2017) (Chen, J.) ("Since District Courts cannot review removal orders, they also cannot consider requests for stays of removal."; citing § 1252(a)(5)); *Akhuemokhan v. Holder*, No. 12-cv-1181, 2013 WL 6913170, at *2 (E.D.N.Y. Dec. 30, 2013) (Bianco, J.) ("to the extent petitioner . . . is seeking a stay of, or any other relief from, his order of removal, this Court lacks jurisdiction to grant such relief"; citing § 1252(a)(5)); *Scott v. Napolitano*, 618 F. Supp. 2d 186, 191-92 (E.D.N.Y. 2009) (Vitaliano, J.) (§§ 1252(a)(5) and 1252(b)(9) bar action to stay a removal order). In addition, another statutory provision, 8 U.S.C. § 1252(g), independently bars district courts from ordering a stay of a final order of removal. *Troy as Next Friend Zhang v. Barr*, 822 Fed. Appx. 38, 39- 40 (2d Cir. 2020).

[2] This Office notes that it has filed similar letters with Your Honor in several other matters, including *inter alia*, *Flores-Linares v. Bondi, et. al.*, No. 26-298 (SJB), on January 20, 2026, *Argueta v. Francis, et al.,* No. 26-CV-408 (SJB), on January 26, 2026, *Delarca-Avila v. Bondi, et al.,* No. 26-cv-0543 (SJB), on February 2, 2026 and *Rivera Orellana v. Noem, et al.*, No. 26-cv-0574 (SJB), on February 3, 2026.

and inappropriate for individuals who have lived in the United States as long as Petitioner has."

While Respondents respectfully disagree with Your Honor's assessment of the statutory construction issue as to 8 U.S.C. § 1225, they acknowledge that, in view of that assessment, Respondents cannot prevail in this action. Thus, to conserve judicial resources and to expedite the Court's consideration of this case, the government hereby relies upon, and incorporates by reference, the legal arguments it presented in *Garcia Lanza v. Noem, et al.,* 26-cv-29 (E.D.N.Y.) (Brown, J.)[3] and respectfully submits that the Court can decide this matter without further briefing.

---

[3]     Specifically, Respondents respectfully incorporate by reference all arguments raised in the opposition brief in *Garcia Lanza v. Noem, et al.,* 26-cv-29 (E.D.N.Y.) (Brown, J.), ECF No. 11. Additionally, Respondents also respectfully incorporate by reference the statutory and regulatory framework, Part I, in that same document.

Additionally, the Government respectfully notes that just last week, the Fifth Circuit, in the first merits decision by a court of appeals on the 8 U.S.C. §§ 1225, 1226(a) statutory construction issues, found that aliens who are applicants for admission under 8 U.S.C. § 1225(a) are subject to mandatory detention under 1225(b), and are not eligible for a bond. *Buenrostro-Mendez v. Bondi, et al.,* -- F.4th --, 2026 WL 323330, at *5-6 (5th Cir. Feb. 6, 2026).  While the focus of that decision was on § 1225(b)(2)(A), and not 1225(b)(1)(B)(ii) (the statutory provision applicable to Petitioner), the court also discussed § 1225 in general, and in particular the Supreme Court's holdings in *Jennings v. Rodriguez,* 583 U.S. 281 (2018), that both §§1225(b)(1) and 1225(b)(2) mandate detention throughout the completion of proceedings, and make no provision for bond hearings. *See Buenrostro-Mendez,* -- F.4th at --, 2026 WL 323330, at *4, 5-6 (citing *Jennings*, 583 U.S. at 296).

Additionally, a number of decisions in this Circuit, including from the Honorable Brian M. Cogan of this District and four different judges on the United States District Court for the Southern District of New York, have now endorsed the government's interpretation of 8 U.S.C. § 1225. *See Saamishvili v. Flanagan*, No. 25-cv-6178, 2026 WL 377574 (E.D.N.Y. Feb. 11, 2026) (Cogan, J.), *appeal filed* ("Since his unlawful entry, petitioner has been, and continues to be, subject to the mandatory detention requirement of Section 1225(b)(2)(A)."); *Arana v. Arteta*, No. 26-cv-240, 2026 WL 279786, at *5 (S.D.N.Y. Feb. 3, 2026) (Woods, J.); *Yinxiao Chen v. Almodovar*, 25-cv-9670, 2026 WL 100761, at *8-9 (S.D.N.Y. Jan. 14, 2026) (Cronan, J.) (finding Petitioner was being detained pursuant to § 1225, even though ICE had previously released him under § 1226, because applicants for admission (i.e., "aliens present in the United States who ha[ve] not been admitted") are "by default, [ ] seeking admission" and thus subject to mandatory detention under § 1225); *Weng v. Genalo et al.*, No. 25-cv-09595, 2026 WL 184627, at *1 (S.D.N.Y. Jan. 23, 2026) (Rearden, J.) ("Having considered the statutory text and other relevant authorities, the undisputed facts of this case, and the parties' submissions and oral arguments, the Court concludes that Petitioner's detention is governed by Section 1225."); *Candido v. Bondi*, 25-cv-867, 2025 WL 3484932, at *2  (W.D.N.Y. Dec. 4, 2025) (Sinatra, J.) (detention under 8 U.S.C. § 1225(b)(2)(A) was proper for alien present unlawfully for two decades without having been admitted, and noting that "[t]he fact that more district courts . . . have decided this issue differently from this court is neither binding nor persuasive"), notice of appeal filed Dec. 16, 2025; *Xiaoquan Chen v. Almodovar, et al.*, No. 25-cv-8350, 2025 WL 3484855, at *7 (S.D.N.Y. Dec. 4, 2025) (Vyskocil, J.), *notice of appeal filed* Dec. 16, 2025; *Liang v. Almodovar*, No. 25-cv-9322, 2025 WL 3641512,

However, should the Court prefer to receive a memorandum of law in this matter, Respondents will file such a brief upon the Court's request. Notwithstanding their submission of this letter in lieu of a formal brief, Respondents reserve all rights, including the right to appeal.[4]

The government has no objection to the Court deciding the petition on the papers in lieu of a hearing.  Thank you for the Court's time and attention to this matter.

<div style="margin-left: 50%;">

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By:   */s/ Marika M. Lyons*
MARIKA M. LYONS
Assistant United States Attorney
(718) 254-6484

</div>

cc: All Counsel of Record (by ECF)

---

at *8 (S.D.N.Y. Dec. 15, 2025) (Vyskocil, J.), notice of appeal filed Jan. 15, 2026; *Lin v. Almodovar*, No. 25-CV-9639, 2025 WL 3706626, at *3 (S.D.N.Y. Dec. 22, 2025) (Vyskocil, J.) (holding that a parolee whose parole automatically expired and who was subsequently detained under Section 1225(b)(1)(B)(ii) – the same detention provision applicable here -- was entitled only to the process detailed in 1225(b)(1)(B)(ii), and was not entitled to a bond hearing); *Aguilar-Villalobos v. Kurzdorfer*, No. 24-CV-1110 (JLS), 2025 WL 3899492, at *4 (W.D.N.Y. June 10, 2025) (Sinatra, Jr., J.) (holding that the petitioner, who was originally apprehended near the border after entering unlawfully, then established a credible fear of persecution and was referred for further consideration of his asylum application, was "viewed as on the threshold of entry" and subject to mandatory detention under § 1225(b)(1)(B)(iii)(IV), even though he had been released into the country for a period of time).  Judge Vyskocil expressly rejected the proposition that "if one presidential administration fails to enforce a statute, the next administration cannot enforce it, even though the statute clearly applies, according to its plain terms, and no promises not to enforce it have been made." *Xiaoquan Chen*, No. 25-cv-8350, 2025 WL 3484855, at *7; *see also Liang*, 2025 WL 3641512, at *8 (rejecting proposition that "prior Administration's decision to catch and then release Petitioner into the interior under Section 1226 means that the current Administration has 'relinquished the authority[]' . . . to apply Section 1225 according to its plain terms.").

[4]    The government has appealed to the Second Circuit the grant of a habeas petition in *Cunha v. Moniz*, 25-cv-6532 (W.D.N.Y. Nov. 25, 2025) (concluding, *inter alia*, that § 1226(a), not § 1225(b)(2)(A), applied), notice of appeal filed Dec. 11, 2025, No. 25-3141 (2d Cir.).  The government filed its opening brief with the Second Circuit on January 16, 2025 and the government's motion to expedite the appeal was granted; briefing will be complete March 3, 2026. Appeals are pending in several other Circuit Courts of Appeal.