UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
DAVID DALFREDO GARCIA SANDOVAL,

        Petitioner,

      v.                                                        **ORDER**
                                      26-CV-0832-SJB

ANTHONY J. LAROCCO et al.,

        Respondents.

-----------------------------------------------------------------X
**BULSARA, United States District Judge:**

Petitioner David Dalfredo Garcia Sandoval ("Petitioner"), a citizen of El Salvador who has lived in the United States since 2004, was arrested on February 12, 2026, by U.S. Immigration and Customs Enforcement ("ICE") officers on his way to work.  (Pet. for Writ of Habeas Corpus filed Feb. 12, 2026 ("Pet."), Dkt. No. 1 ¶¶ 12, 15; Resp'ts' Letter filed Feb. 13, 2026 ("Resp'ts' Letter"), Dkt. No. 8 at 2).  He filed a petition for a writ of habeas corpus with this Court while detained at the Nassau County Correctional Center the same day.  (Pet. ¶ 7).  Besides asserting that Petitioner is an "alien in removal proceedings," (Resp'ts' Letter at 1), Respondents provide no other information about his status or the basis for his detention, and identify no criminal history associated with Petitioner.  For the reasons explained below, the writ is granted.

The Government has filed an opposition to Petitioner's writ that suggests that the sole basis for Petitioner's detention is 8 U.S.C. § 1225, (Resp'ts' Letter at 2), despite the fact that Petitioner has been in the United States since 2004, (Pet. ¶ 12).  The Government's position is that someone is subject to removal and detention under Section 1225(b)(2), as someone who is "seeking admission" to the United States,

notwithstanding that they have been living here for months, if not years.  The vast majority of courts in this District have rejected this argument.  *See Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 490–91 (S.D.N.Y. 2025) ("[T]he line historically drawn between sections 1225 and 1226, which mak[es] sense of their text and the overall statutory scheme, is that section 1225 governs detention of non-citizens seeking admission into the country, whereas section 1226 governs detention of non-citizens already in the country. . . . This Court has similarly been unable to identify any authority to support Respondents' expansive interpretation of § 1225(b)." (quotations omitted)); *Padilla Molina v. DeLeon*, No. 25-CV-6526, 2025 WL 3718728, at *3 (E.D.N.Y. Dec. 23, 2025) ("This Court agrees with Petitioner that he is detained subject to Section 1226, not Section 1225.  In so holding, the Court joins the hundreds of district court decisions that have rejected Respondents' expansive interpretation of Section 1225 as inconsistent with the plain text and overall structure of the INA.") (collecting cases); *Ulloa Montoya v. Bondi*, No. 25-CV-6363, 2025 WL 3718694, at *3 (E.D.N.Y. Dec. 23, 2025) (same); *Rodriguez-Acurio v. Almodovar*, -- F. Supp. 3d --, No. 25-CV-6065, 2025 WL 3314420, at *23 (E.D.N.Y. Nov. 28, 2025) ("[T]he administration's new position that *all* noncitizens who came into the United States illegally, but since have been living in the United States, *must be detained* until their removal proceedings are completed—has been challenged in at least 362 cases in federal district courts.  The challengers have prevailed, either on a preliminary or final basis, in 350 of those cases decided by over 160 different judges sitting in about fifty different courts spread across the United

2

States." (quoting *Barco Mercado v. Francis*, -- F. Supp. 3d --, No. 25-CV-6582, 2025 WL 3295903, at *4 (S.D.N.Y. Nov. 26, 2025))).

Respondents concede that before this Court they have no new arguments to present to warrant the detention of this Petitioner, except the recycled arguments that have been rejected in the vast majority of cases in this District, and as such "cannot prevail in this action." (Resp'ts' Letter at 3). Respondents submit that the Court can decide this matter without further briefing. (*Id.*).

The Court incorporates the reasoning of judges in this District and its sister courts and grants the writ—because at its core, detention under Section 1225 violates due process guarantees and is inapplicable and inappropriate for individuals who have lived in the United States as long as Petitioner has.

The writ is granted. Respondents are directed to effectuate Petitioner's release by **February 14, 2026 at 12:00 P.M.** and file a letter on the docket confirming Petitioner's release by that time. Respondents are enjoined from detaining Petitioner absent further direction from this Court. Respondents may not use ICE ankle monitors or similar technology to monitor Petitioner, because the Court has granted the writ, and is not resolving this petition on an intermediate basis by imposing bail conditions.

SO ORDERED.

*/s/ Sanket J. Bulsara*
SANKET J. BULSARA
United States District Judge

Date: February 13, 2026
Central Islip, New York

3